## 57073. FELTON v. MERCER.

QUILLIAN, Presiding Judge.

Mr. James E. Felton, owner of Crowe's Lounge in Augusta, Georgia, appeals from a verdict and judgment which awarded $15,000 actual damages and $5,000 punitive damages to Mr. Andrew J. Mercer as a result of two blows inflicted upon Mr. Mercer by Mr. Felton with a sawed off "cue stick."

On the date of this incident Mr. Mercer and two friends drove from Augusta to Atlanta and returned to Augusta. He estimated that he consumed approximately 20 alcoholic drinks (20 ounces) during the round trip. By his own admission, he was drunk. Mr. Mercer went to Crowe's Lounge that evening to watch a fight on TV. He continued to drink after arriving at Crowe's Lounge. An argument developed between Mr. Mercer and Mr. Pavlich, Mr. Felton's brother-in-law. They agreed to go outside and fight. Mr. Pavlich estimated he struck Mr. Mercer "between twelve and fifteen times, mostly in the jaws and mouth." The fight lasted about "thirty seconds." He left Mr. Mercer in the parking lot bleeding from the nose and mouth. Shortly afterwards, Mr. Mercer reentered Crowe's Lounge. From this point forward Mr. Mercer's version of the incident differed from Mr. Felton's

version and those of his two witnesses, his brother-in-law, Mr. Pavlich, and Mr. Gaskins who stated that he was a friend of Mr. Felton.

Mr. Mercer admitted that his memory of events for all of that evening was not entirely clear, but he testified that as a result of the fight with Mr. Pavlich, he had a bloody nose and he "didn't feel any great deal of pain" when he went back inside. He stated that as he entered he "was standing by the cigarette machine and that's when I remember the blows from the side of the head . . . I knew I was hit then with something; I didn't know what . . . I remember the first one, and it dazed me . . . Jim Felton hit me . . . the blows knocked me into a cigarette machine . . . The next thing I remember, I was at my truck and he followed me outside with the stick . . . and I got in my truck and left."

Mr. Felton and his two witnesses testified generally that when Mr. Mercer returned inside Crowe's Lounge he attempted to renew the fight with Mr. Pavlich. He threw one chair and attempted to hit Mr. Pavlich with a table. Mr. Felton testified that he attempted to stop Mr. Mercer from continuing the fight, was struck once, then he picked up his sawed off cue stick and hit him, "it glanced off his arm and hit him on the side of the face or the head . . . he kept coming at me . . . And so, I hit him again with the stick . . . he never went down . . . but he did stop." Mr. Felton said: "I was just trying to defend myself and keep the place from getting tore [sic] all to pieces."

One of defendant's defenses was that the damage was inflicted upon the plaintiff by Mr. Pavlich in the fight in the parking lot. Dr. Rafoth, oral and maxillofacial surgeon, testified that Mr. Mercer's lower jaw had "a comminuted fracture" which is one "where the bone is rather crushed, broken into little pieces, rather than one clean break. There are several breaks with several pieces of bone crushed." Such a fracture "would indicate a forceful blow and most probably a blunt blow." A "blunt blow would expect to be a rounded type of object that would create a force that dissipated over a broad area, kind of like the difference between hitting with a baseball bat or [sic] a twig." The fracture to the lower jaw was on the right side and probably caused by "a blow from the

side rather than head-on, caused by "a blunt type of blow to produce the comminution . . ."

The injury to the upper jaw was described as a "fracture of the upper jaw whereby the entire portion of the upper jaw is separated from the rest of the face and the rest of the cranial base . . . the breaks occur above the roots of the back teeth and then extend upward through both the eye sockets and across the base of the nose . . . There was an additional fracture . . . whereby it was split down the midline, so it was split in half in addition to the separation from the rest of the face . . . you could take a hold of the right portion of the upper jaw and move it independently, forward, backwards, up and down; and you could take a hold of the left portion of the upper jaw and move it independently, up and down and forward, backwards, sideways." "It requires a rather forceful blow and most times a blunt blow to cause the separation of the jaw from the rest of the face . . . we would expect to cause this type of fracture that it would be a straight head-on blow . . . the French anatomist who did the original work [and for whom this type fracture was named], reproduced these type of fractures, the Le Fort II type of fracture, most commonly by using a baseball bat and hitting the mid portion of the face head on." The jury apparently believed the plaintiff's version of the events and awarded him $15,000 actual damages.

1. On appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Smith v. Hornbuckle,* 140 Ga. App. 871, 875 (232 SE2d 149). Where the evidence of the plaintiff and the defendant are in conflict, the jury is the final arbiter. We are not to weigh the evidence de novo but merely determine if there is any evidence which authorized the verdict below. *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35). There is sufficient evidence to support the verdict and judgment. Defendant's enumerated error based upon the denial of his motion for a new trial on the general grounds is without merit.

Defendant did not argue the remaining ground asserted in the amended motion for new trial and it is deemed abandoned. Rule 18 (c) (2) (Code Ann. § 24-3618 (c) (2)).

2. Defendant contends the court erred in denying his motion for a directed verdict. We do not agree. A directed verdict is authorized only if there is no conflict in the evidence as to any material issue and the evidence, with all reasonable deductions, demands a particular verdict. *Lanier Petroleum v. Hyde,* 144 Ga. App. 441 (4) (241 SE2d 62). The evidence was in conflict and must be construed most favorably toward the party opposing the motion. *Nationwide Mut. Ins. Co. v. Ware,* 140 Ga. App. 660, 664 (231 SE2d 556). This enumeration is meritless.

3. The court did not err in failing to strike the punitive damages from the verdict. A jury may award additional damages in a tort action where there are "aggravating circumstances, either in the act or the intention." Code Ann. § 105-2002 (Code § 105-2002); *Berkner v. Dannenberg,* 116 Ga. 954 (3) (43 SE 463). "[T]o authorize the imposition of exemplary damages, or punitive damages as they are commonly called, under Code Ann. § 105-2002 there must be evidence of wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *General Refractories Co. v. Rogers,* 240 Ga. 228, 230 (239 SE2d 795). There is sufficient evidence of record that a jury could find a "conscious indifference to consequences" as to the actions of the defendant, and on appeal this court must construe the evidence in its light most favorable to the prevailing party for every presumption and inference is in favor of supporting the verdict. *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (173 SE2d 232). The trial court did not err in failing to strike the punitive damages from the judgment.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED JANUARY 15, 1979 — DECIDED FEBRUARY 15, 1979 — REHEARING DENIED MARCH 16, 1979.

*Allgoods & Childs, Kenneth R. Chance,* for appellant.

*Surrett, Thompson, Choate & Walker, J. Samuel*

*Choate, Jr.,* for appellee.