## 62615. BUCHANAN v. GEORGIA BOY PEST CONTROL COMPANY, INC.

CARLEY, Judge.

Apparently on November 8, 1975, appellant entered into a contract to purchase a house belonging to Mr. Frank Bahin, who is not a party to this appeal. Bahin secured the services of appellee to conduct a termite inspection of the premises as a prerequisite to closing the sale. Pursuant to its contract appellee made two written representations to Bahin. The first was undated and contained the following: "In accordance with your request, we have made a thorough inspection of the property at the above address. At the time of our inspection, there was no visible evidence of Subterranean Termite activity or any other wood destroying organisms. This letter represents a one year guarantee from the date above." The second letter to Bahin from appellee was dated December 22, 1975 and contained the following: "Based on careful visual inspection [of] accessible areas and on sounding of accessible structural members, there is no evidence of termite or other wood destroying insect

infestation in the subject property, and if such infestation previously existed, it has also been corrected." Bahin furnished appellant copies of the letters from appellee when the sale of the house was closed on December 23, 1975.

Some months later problems developed underneath the house and were discovered by appellant at that time. Appellant instituted the instant tort action against appellee, alleging that appellee's negligence in inspecting the house "was the sole and proximate cause of the damages [appellant] suffered to his home and property . . ." Appellee subsequently moved for summary judgment and supported the motion with the affidavit of its president. In that affidavit appellee's president stated "[t]hat [appellee] did contract with Frank Bahin to check a residential dwelling located on Grove Street in Barnesville, Georgia; that a contractual arrangement between [appellee] and Frank Bahin was solely to examine said structure to determine if there were any wood destroying organisms present on or in said structure, and if none were found to warrant for a period of one year that the property would be free from wood destroying organisms." In opposition to the motion, appellant filed the affidavit of the County Sanitarian who swore that he had made a visual inspection of the premises in May of 1976 and had "found that the entire area which comprised the crawl space under said residence . . . was filled with raw sewage and the wood floor [of the] residence and floor under-layment was covered with mold and fungus which had built up over a period of time exceeding 6 months prior to the date of my inspection of said dwelling."

The basis for appellee's motion for summary judgment was that it had contracted to inspect for termites and wood destroying organisms but the evidence demonstrated that the damage to appellant's house was the proximate result of a broken sewer line, not wood destroying organisms, and that this was not within the scope of its inspection and warranty. See *Wilcher v. Orkin Exterminating Co.,* 145 Ga. App. 551, 552 (2) (244 SE2d 101) (1978). The trial court, however, found that it was "unnecessary to make a determination upon the grounds presented for the reason that the motion [for summary judgment] must be sustained and granted for another and more basic reason, which is that [appellant] has no standing to sue." The trial court found that appellant was not a "privy" to appellee's contract with Bahin and granted summary judgment to appellee pursuant to Code Ann. § 105-106 (a). It is from this order that appellant appeals.

1. "[I]f the tort results from the violation of a duty, itself the consequence of a contract, the right of action is confined to the parties and privies to that contract, except in cases where the party would

have a right of action for the injury done independently of the contract . . ." Code Ann. § 105-106 (a). Appellee's duty to inspect the premises for wood destroying organism infestation in the instant case arose initially out of contract with Bahin. "[T]hus, privity would be required unless [appellant] comes within the last stated exception, i.e., those cases where the party would have had a right of action independent of the contract." *Beam v. Omark Industries,* 143 Ga. App. 142, 146 (237 SE2d 607) (1977). "[A] mere breach of warranty or violation of a contractual obligation will not support a right of action by a third party in tort where such third party could not recover independently of the contract provision. [Cits.]" *Stuart v. Berry,* 107 Ga. App. 531, 535 (130 SE2d 838) (1963). The application of these principles in the instant case demonstrates that an allegation that damages to the property have arisen due to appellee's misfeasance of its duty to inspect is an allegation of the breach of a duty arising solely from the contract and not one independent therefrom. See generally *Long v. Jim Letts Oldsmobile, Inc.,* 135 Ga. App. 293, 294 (2) (217 SE2d 602) (1975). It therefore follows that in order for appellant to maintain an action ex delicto against appellee for the negligent performance of its duty to inspect, appellant must be in privity of contract with appellee. "An action in tort cannot be maintained by a third person not privy to the contract, for a breach of warranty which constitutes a mere contractual obligation between the defendant and the other contracting party." *Hand v. Harrison,* 99 Ga. App. 429 (2) (108 SE2d 814) (1959).

It is clear that, at the time the property was alleged to have been negligently inspected, appellant was neither a party to appellee's contract with Bahin nor the owner of the property. "An action for a tort shall, in general, be brought in the name of the person whose legal right has been affected, and who was legally interested in the property at the time the injury thereto was committed, and against the party committing the injury . . ." Code Ann. § 3-109. The mere delivery by Bahin to appellant of appellee's written representations to Bahin concerning the premises is not sufficient to make appellant a "privy" by assignment to Bahin's rights against appellee under the contract so as to entitle appellant to recover in tort for the negligent performance of the contract. See generally *Sorrento Italian Restaurant v. Franco,* 107 Ga. App. 301 (129 SE2d 822) (1963); *McIntosh v. Marvin M. Black Co.,* 114 Ga. App. 777 (1) (152 SE2d 804) (1966). However, we are unable to agree with the trial court's ruling that, as a matter of law, appellant was not a privy to the contract as a third-party beneficiary thereof. As noted above, appellant's lack of "privity" was not a theory advanced by appellee in support of its motion for summary judgment but was, rather, the trial

court's own theory for granting the motion. There was essentially no evidence on this issue presented and our review of the record indicates that the trial court, in ruling that appellant was not a third-party beneficiary, apparently construed the lack of such evidence most strongly against appellant, the non-moving party. We are unable to hold that, standing alone, a "one year guarantee" made at the "request" of the seller solely as a prerequisite to his sale of the property to appellant evidences, as a matter of law, the contracting parties' intent that appellant, the buyer, not be a beneficiary of that guarantee. Compare *Backus v. Chilivis,* 236 Ga. 500 (224 SE2d 370) (1976). It may very well be that the true intention of the contracting parties was that, under these "surrounding circumstances" (*Andrews v. Bickerstaff,* 93 Ga. App. 571, 575 (92 SE2d 257) (1956)), the one-year guarantee inure to the benefit of appellant as the purchaser of the specific property with respect to which appellee made its guarantee. See generally *M. R. Thomason & Assoc. v. Wilson,* 125 Ga. App. 658, 661 (5) (188 SE2d 805) (1972). All we hold is that under the record in the instant case it cannot be said, as a matter of law, that such a contract evidences an intent that appellant *not* be a beneficiary thereof. The trial court erred in so holding. There remains a genuine issue of material fact concerning the "intent" of the contracting parties with regard to the beneficiary of the one-year guarantee. See *Pinkerton & Laws Co. v. Atlantis Realty Co.,* 128 Ga. App. 662, 666 (3) (197 SE2d 749) (1973).

2. Because the judgment of the trial court must be reversed for the reasons stated in Division 1 of this opinion, it is unnecessary for us to consider appellant's remaining enumeration of error which challenges the trial court's consideration of an affidavit filed on behalf of appellee.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 17, 1982.

*Harold E. Martin,* for appellant.
*Sidney R. Esary,* for appellee.