71757. AMERICAN GAME & MUSIC SERVICE, INC. et al.
v. KNIGHTON et al.
(344 SE2d 717)

SOGNIER, Judge.

Charles and Margaret Knighton, d/b/a Spaceland, brought this action against American Game and Music Service, Inc. (AGM) and its president, James H. Jordan. The jury rendered a verdict against AGM and Jordan for actual and punitive damages. AGM and Jordan appeal.

Appellees entered into a lease contract with AGM whereby AGM provided arcade video game machines at one of appellees' business locations. Prior to the expiration of the lease term, AGM notified appellees that the contract was terminated because of certain violations by appellees and repossessed one or two of AGM's machines. Subsequently, appellees voluntarily relinquished AGM's remaining machines. At trial appellees sought damages against both appellants allegedly resulting from the wrongful repossession of the machines as well as damages for tortious interference with contractual relations. The trial court denied appellants' motions for directed verdict, new trial and for judgment notwithstanding the verdict. This appeal ensued.

1. Appellants contend the trial court erred by denying their motions made on the general grounds for directed verdict, judgment notwithstanding the verdict and for a new trial. "On appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. [Cit.]" *Felton v. Mercer*, 149 Ga. App. 358, 360 (1) (254 SE2d 398) (1979). "The standard of appellate review of the trial court's denial of a motion for a directed verdict is the 'any evidence' standard. [Cit.] . . . The standard for granting or denying a judgment notwithstanding the verdict is the same as that for a directed verdict. [Cit.]" *United Fed. Savings &c. Assn. v. Connell*, 166 Ga. App. 329, 330 (1) (304 SE2d 131) (1983).

The contract between the parties provided that it could be terminated by AGM if AGM deemed inadequate the income generated by its machines at appellees' business. Although Jordan testified that the contract with appellees was terminated pursuant to this provision, there was testimony by a witness for appellees that Jordan admitted he intended to repossess the machines from appellees' business in order to benefit a new arcade business Jordan intended to open and that "whatever he [Jordan] needed to do, he was going to get the games from [appellees]." Thus, there was some evidence to support a finding that AGM, acting through its officer, Jordan, wrongfully terminated the contract and that appellees were entitled to possession of the machines at the time of the repossession. See *Ford v. Rollins Protective Svcs.*, 171 Ga. App. 882, 885 (4) (322 SE2d 62) (1984). We find

no merit to appellants' argument that the termination provision in the contract gave appellants an absolute right to end the contract thus precluding appellees from asserting any claim under a tort theory. This contract provision would not allow appellants to terminate the contract in bad faith by feigning dissatisfaction for the purpose of avoiding the contract, see *MacDougald Constr. Co. v. State Hwy. Dept.*, 125 Ga. App. 591, 593-594 (1) (188 SE2d 405) (1972); *Atlanta Realty Co. v. Campion*, 94 Ga. App. 136 (2) (93 SE2d 781) (1956); and under the evidence adduced at trial the jury was authorized to find that appellants acted in bad faith. Therefore, the trial court did not err by denying appellants motions for directed verdict, judgment notwithstanding the verdict and for a new trial as to AGM. See generally *Felton*, supra; *United Fed. Savings*, supra.

With regard to Jordan individually, there was some evidence from which a jury could have found that Jordan, as AGM's president, took part in the corporation's commission of the tort of wrongful repossession, thus authorizing the jury to find against him individually for wrongful repossession. See *Lincoln Land Co. v. Palfery*, 130 Ga. App. 407, 411 (1a) (203 SE2d 597) (1973); see also *McLanahan v. Keith*, 135 Ga. App. 117, 121 (5) (217 SE2d 420) (1975). Alternately, there was some evidence that Jordan was not acting as a corporate officer of AGM but instead was acting individually as a third party on behalf of his new arcade business when AGM's contract with appellees was terminated, thus authorizing the jury to find Jordan liable for tortious interference with contractual relations. See generally OCGA § 51-9-1; *McDaniel v. Green*, 156 Ga. App. 549, 550 (1) (275 SE2d 124) (1980); *N.A.A.C.P. v. Overstreet*, 221 Ga. 16, 21 (1a) (142 SE2d 816) (1965), cert. dismissed, 384 U. S. 118 (1966). Either way, the trial court did not err by denying Jordan's motions for directed verdict, for judgment notwithstanding the verdict and for a new trial as to Jordan. See generally *Felton*, supra; *United Fed. Savings*, supra. We find no merit in appellants' argument that the verdict is inconsistent with the relief prayed for in appellees' complaint because evidence supporting the verdict was presented at trial. OCGA § 9-11-15 (b); *Gresham v. White Repair &c. Co.*, 158 Ga. App. 235 (1) (279 SE2d 528) (1981).

2. Appellants contend the trial court erred by denying their motions for new trial and for judgment notwithstanding the verdict on the ground that evidence of another incident of repossession of machines by appellants was improperly presented to the jury. "(b) Intent, good faith, motive, and other such matters relating to the state of a person's mind are usually not easily susceptible of direct proof. But frequently the state of mind accompanying the doing of an act is illustrated by other acts of a similar nature, done or proposed by the defendant in such a way as to indicate a general practice or course of

conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things. [Cits.]" *Tapley v. Youmans*, 95 Ga. App. 161, 175 (7) (97 SE2d 365) (1957). In their testimony appellees related facts pertaining to appellants' repossession of video game machines leased under a separate contract between the parties, from a business owned by appellees in Alabama. Evidence of this repossession, which occurred simultaneously with the repossession at appellees' business in Georgia, was admissible on the issue of appellants' bad faith. Id.; see also *Ballard v. Turner*, 147 Ga. App. 584, 585 (2) (249 SE2d 637) (1978). Appellants' argument that there was no evidence of actual damages supporting the verdict for punitive damages is unsupported by the record. Thus, the trial court properly denied appellees' motions in this regard.

3. Appellants contend the trial court erred by charging the jury on appellees' claim of tortious interference with contractual relations and on appellees' claim for punitive damages. " 'Failure to except before verdict generally results in a waiver of any defects in the charge [cits.], the exception under [OCGA § 5-5-24 (c)] applying only when there has been a substantial error which was blatantly apparent and prejudicial, and which resulted in a gross miscarriage of justice. . . .' [Cit.]" *Durrett v. Farrar*, 130 Ga. App. 298, 306 (8) (203 SE2d 265) (1973). Appellants' counsel objected to the trial court's initial charge on tortious interference with contractual relations solely on the ground that it was limited to apply to Jordan, rather than to both defendants. At appellants' counsel's request, the trial court then recharged the jury that both appellants were potentially liable for this tort and there was no objection to this recharge. Also, no objection was made to the trial court's charge on punitive damages. Thus, because appellants did not object to the complained of charges before the jury returned its verdict, and because we find no blatant or prejudicial error in these charges, this enumeration is without merit. OCGA § 5-5-24 (a), (c); *Hunter v. Batton*, 160 Ga. App. 849 (1) (288 SE2d 244) (1982).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 15, 1986.

*Jerome C. Ware, John J. Jones*, for appellants.
*John E. Sawhill III*, for appellees.