74157. KEYS v. ENRICHMENT SERVICES PROGRAM, INC.
(357 SE2d 852)

CARLEY, Judge.

Appellant-plaintiff is employed by appellee-defendant. Appellant

was apparently transferred from one employment position with appellee to another. The transfer resulted in a reduction in appellant's pay. Based upon her transfer and salary reduction, appellant filed this tort action, alleging in her complaint appellee's "tortious interference with [her] employment, and [appellee's] blatant disregard for its personnel regulations." Appellant sought to recover actual and punitive damages from appellee. Appellee answered appellant's complaint and raised, among its other defenses, charitable immunity from tort liability. Appellee subsequently moved for summary judgment based upon its charitable immunity defense. The trial court granted summary judgment in favor of appellee and appellant appeals.

Appellant does not dispute appellee's assertions that it is a charitable nonprofit organization and that it has no liability insurance. Appellant's primary contention is that summary judgment was erroneously granted because the "administrative negligence" exception to charitable tort immunity has not been negated by appellee and genuine issues of material fact remain with regard to her recovery under that theory. "It . . . appears that it is the rule in Georgia that the funds in trust for charitable purposes are subject to a judgment against a charitable institution for . . . 'administrative negligence.' . . ." *Morehouse College v. Russell*, 219 Ga. 717, 719 (135 SE2d 432) (1964). "Administrative negligence" is defined as the failure of the charity itself to exercise ordinary care in ascertaining the competency of the employees whom it hires. See *Morehouse College v. Russell*, supra at 718-719. Appellant suggests that appellee may have been administratively negligent in the hiring of those employees who ordered her transfer in violation of appellee's own personnel regulations.

"Administrative negligence" is not a viable theory of recovery in this case. Appellant's complaint simply fails to state a claim in tort against appellee, whether for "administrative negligence" or otherwise. Appellant alleges, at most, a breach in the terms of her contract of employment in the form of an unauthorized transfer and a reduction in pay contrary to appellee's personnel regulations. "[W]hile the relation of master and servant gives rise to certain duties imposed by law independently of the express terms of the contract, yet for a liability imposed only by the contract of employment, and involving no breach of a legal duty, the remedy is solely an action ex contractu. 'An action by a servant for a wrongful discharge from his employment is in contract, and an action in tort will not lie unless the discharge was accompanied by wrongful acts amounting to a trespass.' [Cit.]" *Manley v. Exposition Cotton Mills*, 47 Ga. App. 496, 497 (1) (170 SE 711) (1933). " 'It is well settled that misfeasance in the performance of a contractual duty may give rise to a tort action. [Cits.] But in such cases the injury to the plaintiff has been "an independent injury over and above the mere disappointment of plaintiff's hope to receive [the]

contracted-for benefit." [Cit.] . . . "The duty, for a breach of which an action ex delicto lies, must be a duty imposed by law as to some relationship, general or special, as applied to that class of cases where the alleged duty arises out of a contract. For instance, if one promises to pay another a given sum of money by a named day, the contract creates a duty to pay; but a breach of that duty is not a tort." ' " *Tate v. Aetna Cas. &c. Co.*, 149 Ga. App. 123, 124-125 (253 SE2d 775) (1979). "Any breach of contract must arise from the contract and does not give rise to an action for tort, whether or not such breach was negligent or wilful. [Cits.]" *Hudson v. Venture Indus.*, 147 Ga. App. 31, 33 (2) (248 SE2d 9) (1978), aff'd 243 Ga. 116 (252 SE2d 606) (1979).

Appellant filed a tort action against appellee. The uncontroverted evidence of record demonstrates that appellee is a charitable organization without liability insurance and is entitled to claim the benefit of charitable tort immunity. Any exception to the principle of charitable tort immunity is irrelevant under the allegations of appellant's complaint. The trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 20, 1987.

*James A. Elkins, Jr.*, for appellant.
*James E. Humes II, Clay D. Land*, for appellee.