### 73692. SHAW v. W. M. WRIGLEY, JR. COMPANY.
(359 SE2d 723)

BENHAM, Judge.

Appellant, E. Joan Shaw, a former employee of appellee W. M. Wrigley, Jr. Company ("Wrigley"), filed suit against the company under OCGA § 34-6A-1 et seq., the Georgia Equal Employment for the Handicapped Code ("GEEHC"), claiming that Wrigley fired her because she had had cancer. A jury found for Wrigley, and appellant brings this appeal. We affirm.

Ms. Shaw was the company nurse at one of Wrigley's plants when, in early 1983, she was diagnosed as having breast cancer. A mastectomy was performed, the cancer was successfully removed, and approximately four weeks later Shaw returned to her job. According to appellant, her supervisor and other co-workers treated her differently upon her return, and she characterized that treatment as discriminatory and directly related to her cancer. In February 1984, appellant's employment with Wrigley ended; she claimed she was discharged, and appellee claimed she quit due to personality conflicts. It was undisputed that appellant performed her duties satisfactorily both before and after her surgery. At trial, both sides offered testimony which they felt supported their positions, and the jury was given a set of four interrogatories to answer to determine the outcome of the case. The jury answered the first question, "Did the plaintiff, E. Joan Shaw, voluntarily quit her job with the W. M. Wrigley, Jr. Company; or did the defendant, through an officer or agent, discharge the plaintiff from her job?" by finding that Wrigley constructively discharged Shaw. Having so found, the jury was instructed to answer the second question, "Did the plaintiff present evidence which would indicate that the reason for her discharge was that she had cancer?" The jury answered, "No," and therefore was instructed not to answer the last two questions, which addressed whether Wrigley had presented reasons for Shaw's discharge other than her cancer and whether Shaw showed by a preponderance of evidence that despite Wrigley's stated reason for the discharge, its real reason was because

Shaw had had cancer.

1. Appellant contends that once the jury determined she had not quit but had been discharged by appellee, appellant was entitled to judgment as a matter of law and that the jury need not have answered any other interrogatories. We disagree.

Cases brought under the GEEHC, the purpose of which is to protect individuals from discrimination by private employers on the basis of various handicaps and disabilities, are similar to those brought under Title VII, the federal provisions prohibiting discrimination in employment on the basis of race and sex. The existence of a prima facie case under the state statute will be most often determined by the formula similar to that announced in *McDonnell Douglas Corp. v. Green*, 411 U. S. 792 (93 SC 1817, 36 LE2d 668) (1973). See also *Ga. Bureau of Investigation v. Heard*, 166 Ga. App. 895 (305 SE2d 670) (1983). We hold that in order for a plaintiff to make out a prima facie case of disparate treatment under the GEEHC, she must show that she is (1) a member of the protected class, i.e., handicapped; (2) that she meets the objective qualifications of the job in question; (3) that she was either directly or constructively terminated; and (4) that there was a nexus between her termination and her handicap. Cf. *McDonnell Douglas Corp.*, supra. Once those four criteria are met, thus establishing the plaintiff's prima facie case, a rebuttable presumption arises that the employer/defendant unlawfully discriminated against the plaintiff, and to rebut the presumption the employer must clearly set forth through admissible evidence a legitimate, nondiscriminatory reason for plaintiff's rejection or discharge. *U. S. Postal Svc. &c. v. Aikens*, 460 U. S. 711, 714 (103 SC 1478, 75 LE2d 403) (1983). The defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if defendant's evidence raises a genuine issue of fact whether it discriminated against plaintiff. Once the defendant's reason is proffered, the burden shifts to the plaintiff to show by a preponderance of the evidence that the proffered reason was not the true reason for the employment decision. Although the burden of producing evidence shifts from plaintiff to defendant and back again, the burden of persuading the trier of fact that defendant has intentionally discriminated against plaintiff remains with plaintiff at all times. *Texas Dept. of Community Affairs v. Burdine*, 450 U. S. 248, 253 (101 SC 1089, 67 LE2d 207) (1981). Once all the evidence is adduced, the trier of fact is then in a position to decide that ultimate factual issue in the case. *Ga. Bureau of Investigation v. Heard*, supra at 899.

Applying the foregoing analysis, appellant's contention that she was entitled to a verdict as a matter of law once the jury found that she was constructively discharged is unfounded. The first two elements of appellant's prima facie case were eliminated by the trial

court's ruling that, as a matter of law, she was a member of the protected class, and by the lack of dispute about appellant's qualifications for her job respectively. However, there was not only one question of fact remaining in the case, as appellant contends, but two questions, those being whether appellant produced sufficient evidence to show that she was fired from her job and, if so, whether she produced sufficient evidence to show that the firing was related to her cancer. The trial court properly submitted those questions to the jury at the close of the evidence, as they were contested factual issues, and appellant had the burden of persuasion on both. Assuming that appellant made out her prima facie case at trial, we find that even though appellee contended that appellant quit, it proffered a nondiscriminatory reason for her leaving her job at Wrigley, that being personality conflicts with her supervisor and co-workers, some of which existed before her cancer. Appellee having produced that evidence, thus rebutting the presumption, the trial court could not, as a matter of law, rule in appellant's favor. The trial court did not err in allowing the jury to answer Interrogatory No. 2 after it found appellant was constructively discharged.

2. In her second enumeration of error, appellant claims that Interrogatory No. 2, which questioned whether she had shown that her firing was due to her cancer, improperly imposed on her the burden of producing more evidence than was necessary to establish a prima facie case of illegal handicap discrimination. In her third enumeration of error, she contends that "Jury Interrogatory No. 2 was improper because it failed to define the difference between the burden of proof and presentation of evidence, and this failure resulted in improper consideration by the jury of the factual issues before it." Under the *McDonnell Douglas/Burdine* model that we adopted, once the jury determined that appellant was constructively discharged, it was authorized to decide whether she was discharged because of her cancer-based handicap. The jury found that she did not present evidence to indicate that her discharge was due to discrimination against her because of her cancer.

Our review of the record shows that the jurors were adequately and properly instructed as to which party carried the burdens of production of evidence and persuasion, and that the jury interrogatories were sufficiently drawn. Appellant had, arguably, produced evidence to make out her prima facie case as far as the trial court was concerned. If she had not, the trial court would have granted appellee's motion for directed verdict at the close of appellant's evidence. However, to prevail, appellant was required to persuade the jury that she was discharged because of her handicap, which she apparently did not do. Appellant's second and third enumerations have no merit.

3. In appellant's last enumeration, she contends that the trial

court erred in failing to give a certain jury instruction. We find no error, inasmuch as appellant's request that the charge be given was not timely submitted and was not adjusted to the evidence. OCGA § 5-5-24 (b); *Slaughter v. Linder*, 122 Ga. App. 144 (176 SE2d 450) (1970).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JULY 2, 1987 —
REHEARING DENIED JULY 15, 1987.

*David R. Sweat, Jeanne M. L. Player*, for appellant.
*E. Wycliffe Orr*, for appellee.