[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14346
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-05876-AT

LARTISUE CHANDLER,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF BEHAVIORAL HEALTH
& DEVELOPMENTAL DISABILITIES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 21, 2021)

Before MARTIN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Lartisue Chandler ("Plaintiff") appeals the district court's grant of summary judgment in favor of her former employer, the Georgia Department of Behavioral Health and Developmental Disabilities ("Department"). In this civil action, Plaintiff alleged the Department retaliated against her in violation of the Rehabilitation Act, 29 U.S.C. § 701 et seq., and in violation of the Georgia Equal Employment for the Handicapped Code, O.C.G.A. § 34-6A-1 et seq. ("GEEHC"). No reversible error has been shown; we affirm.

I.      Background

The Department is a state agency that offers -- through a network of community providers -- treatment and support services to people with intellectual, developmental, and behavioral health challenges. Plaintiff was employed by the Department's Office of Provider Certification and Services Integrity ("OPCSI") from 2009 until her termination on 13 July 2017. Among other things, OPCSI performed audits and recertification reviews of the Department's community providers.

2

During 2016, Plaintiff was assigned as the lead reviewer on seven recertification reviews, including for the August 2016 recertification review of New Directions, a day-program provider.  As the lead reviewer, Plaintiff's chief responsibilities were to (1) coordinate the certification review process, (2) serve as the primary point of contact for the provider, (3) ensure all certification requirements were met and outstanding issues resolved, and (4) to compile reports prepared by members of the review team into a final report to present to the Director of OPCSI (Terry Kight).  Among the certification requirements was that a provider have in place a behavioral-support plan ("BSP") for certain clients: a plan that identifies a client's triggers or his potentially injurious behaviors and that details acts for staff to take in response.

On 15 December 2016, Plaintiff underwent a hysterectomy.  The Department approved Plaintiff's leave request under the Family Medical Leave Act ("FMLA").  Plaintiff was on approved FMLA leave from 15 December 2016 until 4 February 2017.

On 13 February 2017 -- shortly after Plaintiff returned from FMLA leave -- Kight and Plaintiff's direct supervisor (Fran Perrault-Strong) conducted Plaintiff's mid-year performance review; Plaintiff's performance was rated as

3

"unsatisfactory."[1]  The written performance review document noted that Plaintiff exhibited poor teamwork and communication; was reluctant to take ownership of team performance while serving as lead reviewer; failed fully to understand issues; and had difficulty presenting information in a clear and accurate manner.  The performance review included several examples of Plaintiff's unsatisfactory performance on the New Directions project in particular.  The performance review noted that most of the projects on which Plaintiff served as lead reviewer in 2016 required director or supervisor intervention, which affected negatively office productivity.

Also on 13 February, Kight issued Plaintiff a written reprimand documenting Plaintiff's job performance issues.  The written reprimand described specific examples of Plaintiff's deficient performance, including instances in which Plaintiff (1) interfered with staff training, (2) failed to upload provider review files in a timely manner, (3) failed to follow her supervisor's directions, (4) communicated poorly with team members about a schedule change, (5) violated OPCSI policy by allowing providers to submit documentation after the exit conference, (6) failed to complete timely and accurately a provider record review, which then had to be completed by other staff, (7) failed to comply with her

---

[1] Plaintiff's mid-year review -- conducted typically in December -- was postponed until after Plaintiff returned from FMLA leave.

4

assigned weekly work schedule, and (8) engaged in behaviors that caused conflict among OPCSI staff and that hindered the team's ability to conduct reliable provider reviews. The written reprimand warned Plaintiff that failure to make immediate improvements -- or the occurrence of other performance or misconduct issues -- could result in termination of Plaintiff's employment.

On 16 March 2017, Plaintiff submitted to Human Resources a written grievance against Kight and Perrault-Strong. Plaintiff alleged that Kight and Perrault-Strong violated the Department's policy on "partiality/unfair work practices" and "put a lot of unnecessary stress" on Plaintiff, leading up to her surgery and after she returned from FMLA leave.

On 5 April 2017, Kight recommended to Human Resources that Plaintiff's employment be terminated. Kight noted that -- after Plaintiff was issued a written reprimand on 13 February -- Kight received new information about the New Directions project that further called into question Plaintiff's judgment, competence, and ability to relay accurate information.

Kight explained that, on 28 March 2017, the Department's Office of Results Integration (another department tasked with auditing providers) notified Kight about irregularities with the New Directions recertification review. Upon further investigation, Kight discovered that the pertinent BSPs (behavioral-support plans)

5

were not in the electronic case-management database as required. New Directions thus should never have been recertified. Kight said Plaintiff had misrepresented to Kight the status of the BSPs at New Directions and whether unresolved health and safety issues existed. According to Kight, Plaintiff's negligent performance resulted in three New Directions clients continuing with self-injurious behavior: behaviors that jeopardized the health and safety of both clients and staff.[2] Plaintiff also violated Department policy by representing falsely that New Directions was in substantial compliance with the recertification requirements.

In addition to detailing Plaintiff's performance issues on the New Directions project, Kight listed these reasons in support of termination: (1) Plaintiff's performance and conduct issues as outlined in the 13 February written reprimand, (2) Plaintiff's lack of critical thinking skills and inability to apply properly OPCSI's updated procedures despite months of training, (3) that Plaintiff's academic credentials no longer satisfied OPCSI's degree requirements, and (4) Plaintiff's "long history of difficult and contentious relationships with her co-workers."

---

[2] Kight noted, for example, that one of New Directions's clients had an extensive history of self-injurious behavior (averaging over 70 incidents of self-harm per month) and had -- in the past -- blinded herself and had inflicted serious injuries on a New Directions staff member.

Human Resources approved Kight's recommendation; Plaintiff's employment was terminated on 13 July 2017.

Plaintiff later filed this civil action. Pertinent to this appeal,[3] Plaintiff asserted that the Department retaliated against her in violation of the Rehabilitation Act and GEEHC. Briefly stated, Plaintiff contends that Kight recommended terminating Plaintiff's employment in retaliation for Plaintiff's 16 March 2017 written grievance.

The magistrate judge issued a report and recommendation ("R&R") recommending that the Department's motion for summary judgment be granted. The magistrate judge assumed -- for purposes of considering the motion for summary judgment -- that Plaintiff had established a prima facie case of retaliation. The magistrate judge, however, concluded that Plaintiff failed to demonstrate that the Department's proffered reasons for terminating Plaintiff's employment were a pretext for retaliation.

---

[3] Plaintiff's complaint also asserted claims for unlawful discrimination and retaliation under the Americans with Disabilities Act and claims for unlawful discrimination under the Rehabilitation Act and under GEEHC. The district court concluded that Plaintiff abandoned these claims in her response to the Department's motion for summary judgment; thus, that court granted summary judgment in favor of the Department on those claims. Plaintiff raises no challenge to the district court's ruling; these claims are not at issue on appeal.

7

Plaintiff filed objections to the R&R, which the district court overruled. The district court then adopted the R&R and granted summary judgment in favor of the Department.

II.    Discussion

We review de novo the district court's grant of summary judgment; we view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005). Summary judgment is appropriate when the record shows no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

For an employer to discriminate against persons with disabilities is unlawful under the Rehabilitation Act and GEEHC. See Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) (discussing the Rehabilitation Act); O.C.G.A. § 34-6A-4. In assessing claims for retaliation under the Rehabilitation Act and under GEEHC, we apply the same framework that we use to assess retaliation claims under Title VII. See Ellis, 432 F.3d at 1326 (cases involving claims under the Americans with Disabilities Act ("ADA") serve as precedent for claims brought under the

8

Rehabilitation Act); Stewart v. Happy Herman's Cheshire Bridge, 117 F.3d 1278, 1287 (11th Cir. 1997) (applying the framework for Title VII retaliation claims to retaliation claims under the ADA); Shaw v. W.M. Wrigley, 359 S.E.2d 723, 725-26 (Ga. Ct. App. 1987) (applying the burden-shifting analysis used for Title VII claims to a claim brought under GEEHC).

Under that framework, a plaintiff must first establish a prima facie case of retaliation by showing that she engaged in statutorily protected conduct, suffered an adverse employment action, and that a causal connection existed between the protected expression and the adverse action.  See Stewart, 117 F.3d at 1287.  Once the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its actions.  Id.  The employer bears only a burden of production: the employer must raise a genuine issue of fact about whether it retaliated unlawfully against the plaintiff but "need not persuade the court that it was actually motivated by the proffered reasons."  See Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-55 (1981).

If the employer "articulates one or more such reasons," the burden shifts back to the plaintiff to produce evidence "sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision" and were, instead, a pretext for

9

unlawful retaliation.  See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc); Stewart, 117 F.3d at 1287.

To show pretext, the plaintiff "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence."  Alvarez v. Royal Atl. Devs., Inc., 610 F.3d 1253, 1265 (11th Cir. 2010) (quotation omitted).  When the employer's "proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason."  Chapman, 229 F.3d at 1030.  When an employer articulates more than one legitimate, non-retaliatory reason, "the plaintiff must rebut each of the reasons to survive a motion for summary judgment."  Crawford v. City of Fairburn, 482 F.3d 1305, 1308 (11th Cir. 2007).

We accept the district court's assumption that Plaintiff established a prima facie case of retaliation.  The district court also concluded properly that the Department satisfied its burden of articulating a legitimate, non-retaliatory reason for terminating Plaintiff's employment.  Thus, this appeal focuses only on whether Plaintiff has produced evidence sufficient to show that the Department's proffered

unabsurd reasons were a pretext for retaliation.  We conclude that the answer is "no."

Plaintiff's chief argument on appeal addresses the adequacy of Plaintiff's performance on the New Directions project.  Plaintiff contends that she never represented to Kight that the BSPs were in the electronic database, that evidence contradicts Kight's alleged belief that Plaintiff was dishonest, and that Kight could have disciplined Plaintiff earlier but waited until after Plaintiff filed a grievance.

Plaintiff's arguments fail to rebut the broader concern expressed by the Department about Plaintiff's work on the New Directions project: that Plaintiff's negligent performance as lead reviewer resulted in New Directions being recertified improperly and despite the outstanding health and safety issues.

Plaintiff mainly quarrels with the strength of the Department's reasons, speculates about Kight's personal beliefs, and attempts to blame others for the improper recertification.  That Plaintiff subjectively disagrees with the merits of the Department's reasons and with the soundness of the Department's assessment of her performance is not enough to show that the proffered reason was not the real reason for the Department's decision.  See Chapman, 229 F.3d at 1030.

Because Plaintiff has failed to rebut adequately the Department's first proffered non-retaliatory reason -- Plaintiff's unsatisfactory performance on the

11

New Directions project -- the Department is entitled to summary judgment.  We have stressed that, to avoid summary judgment, a plaintiff must "proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual." Id. at 1024-25 (emphasis added); see Crawford, 482 F.3d at 1308.  "[A] plaintiff's failure to rebut even one non[-retaliatory] reason is sufficient to warrant summary judgment for the employer." Smelter v. S. Home Care Servs., 904 F.3d 1276, 1290-91 (11th Cir. 2018) (concluding summary judgment was appropriate -- and declining to address the plaintiff's remaining pretext arguments -- when the plaintiff failed to "cast sufficient doubt" on the first of the employer's three proffered reasons for terminating plaintiff's employment).

Plaintiff has also presented no argument rebutting the Department's other articulated reasons for its decision to terminate Plaintiff's employment.[4]  These reasons -- which were documented before Plaintiff's 16 March 2017 grievance -- include Plaintiff's poor communication with co-workers and with providers, Plaintiff's failure to comply with Department policy, and Plaintiff's failure to

_____

[4] We reject Plaintiff's contention that the district court considered improperly the Department's additional proffered reasons about Plaintiff's unsatisfactory work performance.  The Department has asserted consistently several reasons for its decision to terminate Plaintiff's employment, including Plaintiff's ongoing performance issues as described in the 13 February written reprimand in addition to the new evidence about Plaintiff's deficient performance on the New Directions project.

12

complete assignments accurately and on time.  Because these reasons would motivate a reasonable employer, Plaintiff must address each reason head on and rebut it.  Plaintiff failed to do so; so, she cannot prevail on her claim for unlawful retaliation.  See id.

On this record, Plaintiff has failed to show that the Department's proffered reasons were so implausible, inconsistent, or incoherent that a reasonable factfinder could infer that the reasons were not the true reasons and were, instead, a pretext for unlawful retaliation.

We affirm the district court's grant of summary judgment in favor of the Department.

AFFIRMED.