61624. ALTERMAN FOODS, INC. v. INGRAM.

BIRDSONG, Judge.

Denial of summary judgment. Ralph J. Ingram was an employee of Alterman Foods, Inc. for approximately 15 years, the last seven or eight as a food store manager. In October, 1979, Ingram's employment was terminated. Ingram brought suit against Alterman alleging that he had been improperly terminated in violation of a one-year oral contract of employment; that he had been paid for several years at a weekly rate based upon 40 hours of work when in fact he had worked over 50 hours per week and thus had been underpaid; that management personnel of Alterman had conspired to terminate his employment unlawfully; that Alterman or its agents had slandered him and his reputation; and lastly that Alterman owed him four weeks vested vacation pay. Alterman took a lengthy deposition from Ingram. In that deposition, Ingram, to our satisfaction, indicated that he worked for $410 per week and was

required to schedule himself for 52 hours. If he (Ingram) did not want to work 52 hours for $410 per week, he could have quit. Further Ingram admitted that there was no specified term of employment. He was, in effect, a "permanent" employee. Ingram further admitted that he was aware of no one in authority at Alterman who spoke disparagingly about him nor circulated any rumors about him or reasons for his discharge or even encouraged such slander. Nor did Ingram show that he was aware of any person at Alterman who conspired to fire him. He admitted that he was told that he was fired because of his alleged failure to follow company policies. As to the allegation that Alterman owed him four weeks vacation pay, neither Ingram nor Alterman have presented any evidence pro or con to this issue.

Following the taking of Ingram's deposition, Alterman moved for summary judgment. The trial court denied the motion but granted an application for immediate review. This court granted the motion for interlocutory appeal. *Held:*

It is the argument of Alterman that an oral contract for "permanent employment" is employment for an indefinite period, terminable at will by either party and without cause. Ingram in effect concedes that this is a correct statement of applicable law. Under a contract of employment at will, an employer may discharge an employee with or without cause, regardless of motives, without incurring liability for wrongful discharge. *Ga. Power Co. v. Busbin,* 242 Ga. 612 (250 SE2d 442); *McElroy v. Wilson,* 143 Ga. App. 893 (240 SE2d 155).

As to the issues of inadequate pay for the hours worked; the conspiracy to cause Ingram's discharge; and the libelous publication of slanderous remarks allegedly damaging Ingram's reputation and ability to follow his profession, Alterman has presented unrebutted evidence by its own affidavits and through Ingram himself that there was no evidence of a conspiracy; that if there were improper rumors concerning Ingram's discharge, these were at most speculations by other employees and had no connection with or emanence from Alterman; and lastly, Ingram admitted that he had worked for $410 per week for several years, all the while (as did all other managerial personnel) scheduling himself to work 52 hours a week for the $410. Ingram presented no evidence as to what an hourly rate might be for himself or any other employee. Under this state of facts there remained no issues of material fact for the trial court or for a jury. The movant (Alterman) has established as a matter of fact and law that Ingram is not entitled to recover on any of the issues presented in the three counts of his complaint (excluding the issue of vacation pay) and Ingram has not met his burden of showing that notwithstanding

Alterman's evidence there yet remains unresolved issues of fact. *Smith v. Standard Oil Co.,* 227 Ga. 268, 271 (2) (180 SE2d 691). Where the movant has pierced the allegations of the pleadings and shown the truth to the court, he may and should receive a grant of summary judgment where there remains no genuine issue of material fact although an issue may have been raised by the pleadings. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442).

However, we cannot reach the same conclusion concerning that part of Count 3 of Ingram's complaint dealing with vested vacation pay. Although Ingram has presented no supporting evidence in his deposition as to the nature or extent of the vacation pay, nevertheless, the contention remains as a part of Ingram's complaint and has not been rebutted in any way by Alterman except by way of general denial. The cardinal rule of summary procedure is that the trial court can neither resolve facts nor reconcile issues but only look to ascertain if there is an issue. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179).

Based upon the foregoing, we conclude that the trial court erred in denying summary judgment to Alterman on Count 1 and on all the allegations of Count 3 excepting the paragraph dealing with vacation pay. As to that one issue, there are unresolved issues and the denial of summary judgment to Alterman on that one issue was correct.

*Judgment affirmed in part and reversed in part. Shulman, P. J., and Sognier, J., concur.*

DECIDED JUNE 1, 1981.

*J. Arthur Mosley, Donald R. Andersen, Ronald A. Williamson,* for appellant.

*James A. Sparks, Richard G. Pechin,* for appellee.