## 65172. COX v. BRAZO et al.

SOGNIER, Judge.

Shelva Cox sued Robert Brazo and The Krystal Company (Krystal) for personal injuries resulting from Brazo's alleged sexual harassment of Cox, and malicious and false statements made about Cox; Cox also sued for breach of her employment contract with Krystal regarding health insurance benefits. The trial court granted Brazo and Krystal's motions for summary judgment on all counts and Cox appeals.

Brazo, a manager of one of Krystal's fast food restaurants, hired Cox as a counter operator in April 1980 and was Cox's supervisor. Brazo allegedly made lewd and obscene comments and gestures to Cox, repeatedly made sexual advances, placed his hands on private areas of her body, and on one occasion dropped his trousers in her presence. Cox steadfastly repelled his advances and protested his language and gestures. Brazo's alleged behavior took place during working hours at the Krystal restaurant, while both Cox and Brazo were on duty, and continued until Cox resigned in April 1981. Brazo also was alleged to have threatened to fire Cox and gave her extra duties at the restaurant because of her refusal to respond to his advances. Brazo's supervisor testified on deposition that prior to Cox's employment at Krystal, Brazo's superiors had reports of incidents of similar behavior towards other female employees of Krystal during working hours and that Brazo had been warned about such behavior.

1. Appellant contends that the trial court erred in granting appellees' motions for summary judgment because her common law tort claim of assault against Brazo and Krystal is not barred by the Georgia Workers' Compensation Act. OCGA § 34-9-1 et seq. (formerly Code Ann. § 114-101 et seq.). We agree.

The instant case is factually similar and controlled by our recent decision in *Murphy v. ARA Services, Inc.,* 164 Ga. App. 859, 863 (298 SE2d 528) (1982). In that case Judge Pope held ". . . that the injuries for which appellant seeks recovery were caused by the wilful act of a third person for personal reasons and did not arise out of her employment. Appellant's claim is, thus, neither covered nor barred by the Workers' Compensation Act."

Appellant sued Brazo for assault and alleges that Krystal's liability arises under the principle of *respondeat superior* because Brazo was acting as an agent for Krystal at the time of the alleged sexual harassment. However, as we pointed out in *Murphy,* Brazo's alleged acts were not in furtherance of Krystal's business but independent of the relation of master and servant. *Jones v. Reserve Ins. Co.,* 149 Ga. App. 176 (253 SE2d 849) (1979). Rather, the theory of recovery against the employer here sounds in common law tort, i.e., Krystal's negligence in allowing Brazo to remain in a supervisory position with notice of his proclivity to engage in sexually offensive conduct directed against female employees. See *Murphy,* supra. Cf. *Murphey v. New South Brewery &c. Co.,* 145 Ga. 561 (89 SE 704) (1916). Whether a master was negligent in employing an undependable and careless servant is a separate issue from whether an agent is acting within the scope of the master's business. *Greeson v. Bailey,* 167 Ga. 638, 641 (146 SE 490) (1928). A cause of action for negligence against an employer may be stated if the employer, in the exercise of reasonable care, should have known of an employee's reputation for sexual harassment and that it was foreseeable that the employee would engage in sexual harassment of a fellow employee but he was continued in his employment. *Hollrah v. Freidrich,* 634 SW2d 221 (Mo. App. 1982). There is evidence in the record regarding Brazo's alleged sexual misconduct directed toward Cox and other female employees and that Krystal knew or should have known of Brazo's alleged behavior. Summary judgment in favor of both Brazo and Krystal on the common law tort claims was incorrectly granted. *Murphy v. ARA Services,* supra.

2. Appellant also contends that the trial court erred in granting summary judgment in favor of appellees on her contract claim. Cox contends that at the time she was hired by Brazo she was told that she would be eligible for health insurance benefits after five months of employment. However, it is undisputed that prior to Cox's being hired, Krystal changed its policy to allow eligibility for insurance only after a year of employment. There is evidence in the record that Cox's child was ill during the time of her employment but that she never submitted any medical claims to Krystal until after she left the company. Pretermitting the question whether Krystal was estopped

to deny her coverage, Cox never submitted a claim for insurance while employed by Krystal. Under the circumstances, there is no factual question regarding breach of contract to resolve, and the trial court correctly granted summary judgment on this issue.

3. Appellant contends that the trial court erred in granting summary judgment on her claim of invasion of privacy based upon an alleged debt that she owed another and appellees' malicious publication of such information. However, Cox testified that she herself publicized the fact of her indebtedness and that Brazo had not told anyone about it. Under the circumstances, we find no error in the trial court's grant of summary judgment on this issue. *Alterman Foods v. Ingram,* 158 Ga. App. 715 (282 SE2d 186) (1981).

4. Finally, appellant contends that the trial court erred in granting appellees' motion for summary judgment on the issue of appellees' alleged malicious interference with her entitlement to unemployment compensation benefits. Appellant's claim against appellees alleges that false and misleading statements were made to the Employment Security Agency which resulted in the denial of her benefits. However, even if the alleged statements were false and misleading they are subject to an absolute privilege in an action sounding in defamation. OCGA § 34-8-11 (formerly Code Ann. § 54-642.1); *Land v. Delta Airlines,* 147 Ga. App. 738 (250 SE2d 188) (1978). Summary judgment on this issue was correctly granted.

*Judgment affirmed in part; reversed in part. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1983 —
REHEARINGS DENIED MARCH 24, 1983 — 

*Peter G. Williams,* for appellant.
*James E. Humes II, Robert C. Martin, Jr., and John W. Denney, Miller P. Robinson,* for appellees.