724 F.Supp. 511 (1989)
Perry A. LAMSON, et al., Plaintiffs,
v.
The FIRESTONE TIRE AND RUBBER CO., et al., Defendants.
No. C88-1188-A.
United States District Court, N.D. Ohio, E.D.
November 13, 1989.
*512 John L. Wolfe, Akron, Ohio, for plaintiffs.
Gregory L. Hammond, Hammond & Associates, Akron, Ohio, for defendants.

ORDER
BATTISTI, Chief Judge.
Plaintiff spouses Perry and Annetta L. Lamson ("Plaintiffs") have moved, pursuant to § 1447(c), to remand this case to state court "before final judgment" because it appears that the Court lacks subject matter jurisdiction over the remaining state law claims of this action.[1] Because a federal court is not a "general repository of judicial power" and cannot adjudicate the merits without a finding of subject matter jurisdictionGross v. Hougland, 712 F.2d 1034, 1036 (6th Cir.1983), cert. denied, 465 U.S. 1025, 104 S.Ct. 1281, 79 L.Ed.2d 684 (1984), the Court reconsiders its prior Order sustaining removal jurisdiction. Further review of the Complaint and the contested briefings shows that Plaintiffs' Motion is well-taken because there is no substantial federal question. For the following reasons, the Motion is Granted and this case is Remanded to State Court.[2]
Under 28 U.S.C. §§ 1441(a)-(b), a Defendant may remove a civil action where the district court has jurisdiction either by diversity of citizenship or a federal question. To determine the presence or absence of federal jurisdiction, the Supreme Court has consistently adhered to the "well-pleaded complaint" rule. See Oklahoma Tax Commission v. Graham, 489 U.S. ___, ___, 109 S.Ct. 1519, 1521, 103 L.Ed.2d 924, 928-29 (1989); Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).
Defendants have argued that only Plaintiffs' negligence cause of action gives a federal court original jurisdiction.[3]See Defendants Response to Plaintiff's Motion to Reconsider, at 1. Applying the well-pleaded complaint rule, the federal element is the federal duty under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e to 2000e-17, and specifically, the regulations of the Equal Employment Opportunity Commission ("EEOC"), 29 C.F.R. 1604.11(d), which require an employer to investigate employee complaints of sex discrimination and sexual harassment. See Complaint, ¶¶ 5-6, 12-13. The duty is also expressed in Firestone's Salaried Personnel Manual Section 4.4.0. See Amended Complaint, ¶ 13. However, for purposes of removal jurisdiction, the Court looks only to *513 the Complaint, as it reads, at the time of removal. Hood v. Security Bank of Huntington, 562 F.Supp. 749, 750 (S.D.Ohio 1983).
As their argument for remand, Plaintiffs cite Justice Holmes' familiar formulation for original jurisdiction in the federal courts"a suit arises under the law that creates the cause of action," Franchise Tax Board of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420, 430 (1983) (quoting American Well Works Co. v. Layne and Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916)). Although the Holmes test describes the "vast majority of cases brought under the general federal-question jurisdiction of the federal courts," Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 808-809 & n. 5, 106 S.Ct. 3229, 3232 & n. 5, 92 L.Ed.2d 650, 659 & n. 5 (1986), the late Judge Friendly aptly recognized that the Holmes test is "more useful for inclusion than for the exclusion for which it was intended." Id., (quoting T.B. Harms Co. v. Eliscu, 339 F.2d 823, 827 (2d Cir.1964)).
In heavily relying upon Franchise Tax Board, the parties somewhat surprisingly failed to cite or address Merrell Dow, a controlling case that must be read to understand the Supreme Court's "arising under" jurisprudence. As in Merrell Dow, the parties here do not argue that federal law (Title VII or 29 C.F.R. § 1604.11(d)) creates the negligence cause of action, under a judicially implied federal cause of action theory. Rather, like the Merrell Dow case, federal law provides an element of the state law negligence cause of action  the duty  which Defendants argue is the sole duty, and Plaintiffs view as one formulation, among others, of Defendants alleged duty to the Plaintiffs. The Court notes that jurisdiction may not be sustained on a theory that the plaintiff has not advanced. Merrell Dow, supra, 478 U.S. at 809 n. 6, 106 S.Ct. at 3233 n. 6, 92 L.Ed.2d at 659 n. 6 (citing Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915)).
This case thus involves the outer reaches of the statutory, arising under jurisdiction of § 1331. Defendants cite Franchise Tax Board as sustaining federal jurisdiction when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Merrell Dow, 478 U.S. at 813, 106 S.Ct. at 3234, 92 L.Ed.2d at 661 (quoting Franchise Tax Board, 463 U.S. at 13, 103 S.Ct. at 2848, 77 L.Ed.2d at 433.) However, the Supreme Court further held that "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." Merrell Dow, 478 U.S. at 814, 106 S.Ct. at 3235, 92 L.Ed.2d at 662. (Emphasis added). Merrell Dow involved state law negligence claim brought under a theory of misbranding under the federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq. The misbranding created a rebuttable presumption of negligence. Nonetheless, the Court found that in the absence of an implied cause of action under FDCA, incorporation of a federal standard in a state cause of action raised an insubstantial federal question that did not confer subject matter jurisdiction.
It is difficult, especially with the briefing so far, to differentiate the case sub judice from Merrell Dow. Again, a federal standard (the duty) is part of a state cause of action for negligence (and the breach of this duty allegedly caused harm to the Plaintiffs). Ohio law creates this cause of action and the damage remedy. The parties have not argued that the breach of a federal duty, under federal law, creates an implied cause of action for damages.[4] Nor *514 do they argue that the preemptive force of Title VII necessarily requires federal jurisdiction. See Metropolitan Life Insurance v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (Congress intended to make the claims relating to ERISA plans necessarily federal in character and thus removable.)
Because Merrell Dow controls, subtle, complex arguments have not been briefed, and the federal issue is not substantial, the case was improperly removed. Although this case will not enter hornbook heaven, the state courts will adjudicate the merits along with the novel and interesting arguments. Plaintiffs are entitled to recover the removal bond for improper removal.
Accordingly, this case is Remanded to the Court of Common Pleas, Summit County.
IT IS SO ORDERED.
NOTES
[1] The remaining three state law claims were pendent to Plaintiffs' unsuccessful reverse sex discrimination claim in Lamson v. The Firestone Tire & Rubber Co., Case No. C87-898A (N.D. Ohio 1987), aff'd, 861 F.2d 721 (6th Cir.1988). On granting summary judgment, the district court judge dismissed these pendent state claims without prejudice. Plaintiffs filed this action in the Court of Common Pleas, Summit County, and Defendants removed, pursuant to 28 U.S.C. § 1441(b) on May 10, 1988. This Court denied Plaintiffs initial Motion to Remand of June 20, 1988.
[2] Defendants have also moved, pursuant to Fed. R.Civ.P. 11, for sanctions and costs against Plaintiffs for filing the Motion to Reconsider. Because of the Court's disposition of the jurisdictional issue, the Motion is Denied. Furthermore, Defendants should remember that subject matter jurisdiction, where it does not exist, can not be conferred by the parties by inadequate briefing, and perhaps Defendants, not Plaintiffs, should suffer Rule 11 sanctions. In any event, the parties have stumbled into complex issues of jurisdiction and briefed only the tip of the ice-berg.
[3] The state law libel action may involve a federal element, as well as a potential state law defense of qualified privilege. See, e.g., Garziano v. E.I. Dupont de Nemours & Co., 818 F.2d 380, 388 (5th Cir.1987). However, a potential federal defense, under the Mottley rule, supra, does not fall within the removal jurisdiction of a federal court.
[4] Defendants claim that Title VII is Plaintiffs true cause of action and that it is Title VII regardless of the label Plaintiffs slap on their claim. Defendants Response in Opposition to Motion to Reconsider at 2. This Title VII or nothing argument, which echoes a preclusion argument is misplaced for several reasons. First, the trial judge dismissed without prejudice the pendent state law claims. Second, Title VII has only equitable remedies (injunctive relief, backpay, mediation, an administrative scheme) and a trial by judge, rather than by jury. An action for damages, traditionally an action at law, is not part of the Title VII framework.