Lisa MATHEWS, Plaintiff,

v.

Earl ANDERSON, Individually, and Pittsburgh Plate Glass, a/k/a PPG Industries, Inc., Defendants.

Civ. No. 93–103–3–MAC(DF).

United States District Court,
M.D. Georgia,
Macon Division.

July 12, 1993.

Charles R. Adams, III, Ft. Valley, GA, William Michael Peterson, Warner Robins, GA, for Lisa Mathews.

Deborah A. Sudbury, Douglas M. Towns, Atlanta, GA, for Earl Anderson and Pittsburgh Plate Glass.

FITZPATRICK, District Judge.

Plaintiff's motion to remand is presently pending in this Court.

## BACKGROUND

In February 1992, Plaintiff was employed by Defendant Pittsburgh Plate Glass Industries, Inc. ("PPG"). She was supervised by Defendant Earl Anderson. In February 1992, Anderson sexually assaulted Mathews in his office. Anderson also threatened to force Plaintiff to have oral sex and sexual intercourse. From February 1992 until September 1992, Anderson continued to make threats and sexual advances toward Mathews

despite her repeated requests to be left alone. PPG failed to take any action to against Anderson after Mathews reported his behavior. Mathews was subsequently hospitalized for severe emotional distress brought on by Anderson's continued harassment and threats.

Plaintiff filed this action against the Defendants on January 23, 1993, in the Superior Court of Houston County, Georgia, alleging assault (Count I), battery (Count II), false imprisonment (Count III), criminal intent to commit rape (Count IV), tortious interference with employment (Count V), failure to maintain a safe work environment preventing sexual harassment (Count VI) and negligent infliction of emotional distress (Count VII). Defendant subsequently removed the action to this Court on the grounds that Plaintiff's lawsuit "is actionable in Georgia only under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*" (Defendants' Petition for Removal, ¶ 7).

## DISCUSSION

■ Defendant may remove a civil action if there is diversity or federal-question jurisdiction. 28 U.S.C. § 1441(a) ("any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court."). Therefore, a defendant may remove only "state court actions that originally could have been filed in federal court."[1] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). The burden of establishing original federal jurisdiction rests with the removing party. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921).

■ The presence or absence of federal question jurisdiction is governed by the "well-pleaded" complaint rule, "which pro-vides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429; *see Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840, 109 S.Ct. 1519, 1521, 103 L.Ed.2d 924 (1989). Mathews is the "master of [her] complaint." *Lister v. Stark*, 890 F.2d 941, 943 (7th Cir.1989), *cert. denied*, 498 U.S. 1011, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990), and as such "may avoid jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429. Moreover, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharmaceutical, Inc. v. Thompson*, 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 3233, n. 6, 92 L.Ed.2d 650 (1986).

■ There are, however, two corollaries to the well-pleaded complaint rule. First, a plaintiff cannot defeat federal jurisdiction by relying on state law, which is completely preempted by federal law, i.e., the "complete preemption" corollary. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976), *see e.g.*, *Avco Corp. v. Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (common law causes of action preempted by Section 301 of the Labor Management Relations Act); *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 642 (9th Cir.1989) ("complete preemption corollary to well-pleaded complaint rule most often applied in cases claims preempted by section 301"); *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (ERISA). Second, a plaintiff may not avoid federal jurisdiction by "omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420. The Defendant argues that the instant action is properly before this Court under the latter corollary.[2]

---

1. *Collins v. Georgia Department of Transportation*, 93 F.C.D.R. 1191 (Ga.App.1993), which held that Georgia trial courts have concurrent jurisdiction over Title VII claims is inapposite to the instant case since concurrent jurisdiction does not destroy a defendant's right to remove a case that could have been filed in federal court.

2. Although Defendant makes broad assertions such as "Plaintiff's claims are only actionable under Title VII," (Defendants' Reply to Plaintiff's Supplemental Brief, p. 4), which appear to invoke the complete preemption corollary, the Court does not think Defendant intends to make such an argument since such an assertion would be meritless. *See* 42 U.S.C. § 2000e–7 ("[n]oth-

In *Franchise Tax Bd.* the Supreme Court stated that even though a plaintiff's causes of action are created by state law, the "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13, 103 S.Ct. at 2848.[3] No precise bright line test exists for determining when a cases arises under the laws of the United States. *Franchise Tax Board*, 463 U.S. at 8, 103 S.Ct. at 2845–46. The test enunciated in *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916), which states that "a suit arises under the law that creates the cause of action," is the most commonly cited formulation. Consequently, "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharmaceutical Inc. v. Thompson*, 478 U.S. 804, 808 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986).

In the instant case Plaintiff did not allege any violation of Title VII nor does she seek injunctive relief. Defendant contends, however, that Plaintiff has made a claim for intentional sexual harassment, which is not recognized under Georgia law. Admittedly, Plaintiff's assertion that Georgia recognizes the tort of sexual harassment is incorrect. The Court, however, notes that the causes of action Defendant finds objectionable, i.e., Counts V–VII, are recognized under Georgia law. Count VI, Failure to Maintain a Safe Work Environment Preventing Sexual Harassment is a negligence claim. *Favors v. Alco Mfg. Co.*, 186 Ga.App. 480, 367 S.E.2d 328 (1988) (plaintiff's allegation that employer negligently failed to maintain a work environment free from sexual harassment set forth common law tort claim of negligence); *Murphy v. ARA Services, Inc.*, 164 Ga.App.

859, 298 S.E.2d 528 (1982) (negligent hiring of alleged sexual harasser); *Cox v. Brazo*, 165 Ga.App. 888, 303 S.E.2d 71, 73 ("the theory of recovery against the employer here sounds in common law tort, i.e., [defendant's] negligence in allowing [its manager] to remain in a supervisory position with notice of his proclivity to engage in sexually offensive conduct directed against female employees"), *aff'd* 251 Ga. 491, 307 S.E.2d 474 (1983); *see also Harvey v. McLaughlin*, 198 Ga.App. 105, 400 S.E.2d 635 (1990); *Newsome v. Cooper–Wiss, Inc.*, 179 Ga.App. 670, 347 S.E.2d 619 (1986). Count V, which alleges tortious interference with employment, is also recognized under Georgia law. *Favors*, 367 S.E.2d at 332 (alleged sexual harasser who lied about plaintiff because she rejected his sexual advances had potential liability for the wrongful procurement of plaintiff's discharge). Nevertheless, Defendants contend resolution of the states causes of action involve the resolution of the question whether sexual harassment occurred, which is not defined under Georgia law and thus, reference to Title VII is required.

■ "[T]he mere presence of a federal issue of law in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceutical*, 478 U.S. at 813, 106 S.Ct. at 3234. Rather, in order for the federal issue to confer federal-question jurisdiction the " 'plaintiff's right to relief [must] necessarily depend on the resolution of a *substantial* question of federal law,' ... in that 'federal law is a necessary element of one of the well-pleaded ... claims.' " *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808, 108 S.Ct. 2166, 2173, 100 L.Ed.2d 811 (1988) (*quoting Franchise Tax Bd.*, 463 U.S. at 13, 27–28, 103 S.Ct. at 2848, 2855–56) (emphasis added), *see, e.g., Lamson v. Firestone Tire & Rubber Co.*, 724 F.Supp. 511 (N.D.Ohio 1989) (plaintiff's cause of action for her employer's breach of

---

ing in this title shall be deemed to exempt or relieve any person from any liability ... provided by any present or future law of any State....")

3. The Supreme Court has stated, however, that its statement in *Franchise Tax Board* that a case could arise under state law if the " 'vindication of the state law right necessarily turned on the

construction of some federal law' [citation omitted].... must be read with caution" since "the central issue is that case turned on the meaning of the Employee Retirement Income Security Act" and the court "concluded that federal jurisdiction was lacking." *Merrell Dow Pharmaceutical*, 478 U.S. at 80, 106 S.Ct. at 3232–33.

duty to investigate complaints of sexual harassment and sex discrimination remanded for lack of subject matter jurisdiction even though federal law created the duty to investigate because substantial issue of federal law not involved).

 Plaintiff's allegations that Anderson's actions were intentional are hardly surprising considering that she alleges a number of intentional torts. The allegation that PPG intentionally and wilfully failed to take any action against Anderson supports Plaintiff's claim for punitive damages rather than invoking Title VII. Moreover, in order for Plaintiff to prevail on her claims in Counts VI and VII she must allege that PPG was aware of or should have been aware of Defendant Anderson's propensity for sexual harassment, *Cox*, 165 Ga.App. at 889, 303 S.E.2d at 73; hence, her allegation that PP & G willfully and intentionally failed to take any action after she reported Anderson's conduct, (Complaint at ¶ 17), and "willfully refused to maintain a safe workplace." (Id. at ¶ 20).

Plaintiff specifically alleges that "Defendant, Earl Anderson sexually assaulted the defendant, [sic] while in his office, by repeatedly fondling her breast without the consent of the Defendant [sic]." (Complaint at ¶ 4.) Plaintiff further alleges that Anderson also "forcibly, restrained and forced the hand of the Plaintiff to fondle his testicles and penis" (Complaint ¶ 5), that Anderson "repeatedly stated he would force the Plaintiff to have oral sex and sexual intercourse with a polish sausage," and "repeatedly threatened the Plaintiff with forced sexual intercourse." (Complaint, ¶¶ 7–8.) These allegations are questions of fact to be determined by a jury, which do not require resolution of a substantial question of federal law. A jury would determine whether these incidents occurred and whether PPG knew or should have known about Anderson's propensity for such behavior and failed to take any action against him. The presence of the term "sexual harassment" in Plaintiff's complaint does not turn state law causes of action into federal claims.

Plaintiff has drafted her complaint so as to avoid federal jurisdiction and Defendant cannot remove this action to federal court simply because Plaintiff *could have* alleged a Title VII claim. Plaintiff is not seeking relief for employment discrimination. Instead she is seeking " 'her right to be free from bodily or emotional injury caused by another person.' " *Arnold v. United States,* 816 F.2d 1306 (9th Cir.1987) (citation omitted); *see Martin v. Merriday,* 706 F.Supp. 42, 46 (N.D.Ga.1989). Her claims do not require the resolution of a substantial question of federal law. Therefore, this action does not arise under federal law. Consequently, this Court does not have federal question jurisdiction.

## CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's motion to remand is **GRANTED.**

SO ORDERED.